SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA
JOHN K. BECKLEY, Cal. Bar No. 140440
beckley.john@aaa-calif.com
3333 Fairview Road M/S A451
Costa Mesa, CA 92626-1698
Telephone: 714.885.1319
Facsimile: 714.885-1307

Attorneys for Defendants,
AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, THE AMERICAN AUTOMOBILE ASSOCIATION, INC., and AUTO CLUB SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| AURELIANO GALVEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA; THE AMERICAN AUTOMOBILE ASSOCIATION, INC.; AUTO CLUB SERVICES, LLC and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 8:16-cv-00887-DOC-KES<br>Hon. David O. Carter<br><br>**DEFENDANTS' RESPONSE TO OBJECTIONS FILED BY PLAINTIFF AURELIANO GALVEZ TO DEFENDANTS' APPLICATION FOR COSTS**<br><br>No hearing scheduled<br>Courtroom:    9D<br>Action Filed: May 13, 2016 |

SMRH:483307290.1

Case No. 8:16-cv-00887-DOC-KES
DEFENDANTS' RESPONSE TO OBJECTIONS FILED BY
PLAINTIFF GALVEZ TO DEFENDANTS' APPLICATION FOR COSTS

Defendants Automobile Club of Southern California, The American Automobile Association, Inc., and Auto Club Services, LLC ("Defendants") hereby submit their response to Plaintiff Aureliano Galvez's ("Plaintiff") "Opposition" To Defendant' Application For Costs.

## I. PLAINTIFF'S "OPPOSITION" IS UNTIMELY, HIS OBJECTIONS WAIVED, AND SHOULD BE DISREGARDED IN ITS ENTIRETY.

On May 15, 2017, the Court entered Judgment in favor of Defendants and against Plaintiff in the above-captioned matter. (Dkt. 46). In the Judgment, the Court identified Defendants as the prevailing parties and allowed Defendants 30 days to file a motion for attorneys' fees and/or application for costs. (*Id*.). Defendants timely filed and served their application for costs on June 14, 2017, with supporting documentation. (Dkt. 50). In their application, Defendants do not seek an award of attorneys' fees. (*Id*.). Defendants do seek their recoverable costs in the amount of $4,478.35.

Pursuant to C.D. Cal. L.R. 54-2.2, Plaintiff had seven (7) days after the application was served to file and serve objections to Defendants' application. Therefore, Plaintiff's objections were due on June 21, 2017. Plaintiff did not file any objections by June 21, 2017, and instead filed an "Opposition" five days later on June 26, 2017. Plaintiff offers no rationale for why his objections were filed late and did not seek, or obtain, any extension from the Court.

C.D. Cal. L.R. 54-2.2 further provides that: "In the absence of a timely objection, any allowable item may be taxed as requested in the application." As explained by District Court Judge Percy Anderson of the Central District:

> "The Local Rules have set forth a procedure by which parties may raise objections to costs before the Clerk prior to the Court's review, thus conserving judicial resources. By failing to raise such objections before the Clerk, [a party] has waived its

SMRH:483307290.1

-1-

Case No. 8:16-cv-00887-DOC-KES
DEFENDANTS' RESPONSE TO OBJECTIONS FILED BY PLAINTIFF GALVEZ TO DEFENDANTS' APPLICATION FOR COSTS

<u>right to challenge these costs</u>, and the Court denies [the party's] requested adjustments."

*3000 E. Imperial, LLC v. Robertshaw Controls Co., et al.*, 2011 WL 13180485, *1 (C.D. Cal. May 2, 2011)(emphasis added); *see also Hoffman v. Construction Protective Services, Inc.*, 2006 WL 6105638, *9 (C.D. Cal. Aug. 31, 2006) ("[T]he Court declines to consider Plaintiffs' belated objections to those items as they were not raised before the Clerk.").

Therefore, Plaintiff's objections are untimely, have been waived, and should be disregarded.

## II. THE ITEMS ON THE APPLICATION FOR COSTS ARE ADEQUATELY SUPPORTED BY DOCUMENTATION.

To the extent the Court is inclined to consider Plaintiff's opposition, Plaintiff complains that the documentation is "confusing." Specifically, Plaintiff complains that that there are two items noted for total disbursements for $119.00 and $4,760. (Dkt. 51 at 7). Of course, these items represent total costs, but do not represent the claimed costs in the application as certain costs are not recoverable.

To avoid any confusion, Defendants identifies the supporting documentation as follows: [1]

1) Filing Fees of $230.04 (*See* Dkt. 50-1 at p. 9 ($120.58), p. 11 ($109.46)).

2) Fees for service of process of $721.90 (*See* Dkt. 50-1 at p. 7 ($119.90), p. 8 ($198.90 and $119.90), p. 10 ($283.20)).

3) Reporter's transcripts of $741.50 (*See* Dkt. 50-1 at p. 13 ($85.00), p. 14 ($115.00), p. 17 ($266.50), p. 18 ($275.00)).[2]

---

[1] The below entries are highlighted on Exhibit A (Dkt. 50-1), which includes invoices from vendors that identify the charge in a self-explanatory manner.

[2] These amounts represent the allowable cost for certain deposition transcripts pursuant to L.R. 54-3.5 and should have been listed as part of the "Depositions" entry on Defendants' application instead of the "Reporter's transcripts" entry.

4)  Depositions of $2,387.55 (*See* Dkt. 50-1 at p. 12 ($566.10), p. 15 ($675.00), p. 16 ($602.30), p. 19 ($544.15)).

5)  Certification, exemplification and reproduction of documents of $397.36 (*See* Dkt. 50-1 at p. 5 ($276.75), p. 5 ($102.90)).

Plaintiff does not identify or challenge any specific entry as unrecoverable. Therefore, the Court should enter the costs as requested.

Finally, Plaintiff erroneously states that Defendants are claiming recovery of attorneys' fees in their application. That is incorrect and Plaintiff's objections should be ignored.

### III.  THE CLERK'S ROLE IS NOT TO EVALUATE PLAINTIFF'S LEGAL ARGUMENTS CONCERNING THE COST AWARD.

The remainder of Plaintiff's opposition brief concerns his objection that it would be inequitable for the Court to award Defendants' their costs. However, Plaintiff's equitable objections are not for the Clerk to decide. At this stage, the role of the Clerk of Court is ministerial in nature and the Clerk has no discretion to consider equities when taxing costs. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3d. Cir. 2000) ("The clerk of court's role in taxing costs awards, while quasi-judicial, is essentially ministerial. . . The Clerk in this case acknowledged in his written order that he lacked the discretion to consider certain equities in taxing costs against the Plaintiffs.").

Therefore, Plaintiff's arguments based in equity are not for the Clerk. In any event, as discussed above, Plaintiff has waived these objections by failing to timely raise them.

### IV.  CONCLUSION.

For all of the foregoing reasons, Defendants respectfully request the Court enter their costs as requested.

1  Dated:  June 29, 2017

2                                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4                                      By            /s/ *Gregory F. Hurley*
5                                                         GREGORY F. HURLEY
                                               Attorneys for Defendants, AUTOMOBILE
6                                              CLUB OF SOUTHERN CALIFORNIA; THE
7                                              AMERICAN AUTOMOBILE ASSOCIATION,
                                                   INC.; and AUTO CLUB SERVICES, LLC

SMRH:483307290.1

-4-

Case No. 8:16-cv-00887-DOC-KES
DEFENDANTS' RESPONSE TO OBJECTIONS FILED BY
PLAINTIFF GALVEZ TO DEFENDANTS' APPLICATION FOR COSTS