FILED

DEC 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AURELIANO GALVEZ,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA; THE AMERICAN AUTOMOBILE ASSOCIATION, INC.; AUTO CLUB SERVICES, LLC; DOES, 1-10, inclusive,<br><br>　　　　　Defendants-Appellees. | No. 17-55788<br><br>D.C. No.<br>8:16-cv-00887-DOC-KES<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 13, 2018
Pasadena, California

Before: PAEZ, PARKER,[**] and CLIFTON, Circuit Judges.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Aureliano Galvez appeals the district court's order granting Defendants summary judgment on his claim that they discriminated against him based on his disability. Reviewing de novo, we affirm. *See Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447 (9th Cir. 2018).

A plaintiff alleging discrimination under Title III of the Americans with Disabilities Act must show that (1) he is disabled; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon his disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the disability. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004); *see* 42 U.S.C. § 12182 (a), (b)(2)(A)(ii).

For reasons including those given by the district court, Galvez has not offered sufficient evidence to establish a prima facie case of discrimination. For example, he failed to identify what injunctive relief he sought, including whether he sought a policy change or whether Defendants' written policy was acceptable but not implemented. Without this threshold information, we (like the district court) cannot determine whether the relief Galvez sought was reasonable and necessary. Therefore, on the record here, Galvez did not carry his burden to show

that Defendants failed to make a requested reasonable modification that was necessary to accommodate his disability. *See Fortyune*, 364 F.3d at 1082.

**AFFIRMED.**